UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

B. I. AN INFANT UNDER THE AGE OF 18 YEARS, BY HIS

NATURAL FATHER,

ARTHUR ISKHAKOV,

                                PLAINTIFFS

-AGAINST-                                    COMPLAINT

CHAZAQ ORGANIZATION USA INC.                JURY TRIAL DEMANDED

STEVEN SAPHIRSTEIN,

                            DEFENDANTS

-----------------------------------------------------------------------------X

Plaintiff's by and through their Attorneys Martin Druyan and Associates Attorneys as and for

their verified complaint state and allege as follows.

JURISDICTION

1. This Court has jurisdiction of this action as it alleges violations of  Title VII of the United

    States Code, 42 U.S. Code  (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e 1-17 Civil

    Rights Act, Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C.  Sect.

    703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, 306 Sexual

    Harassment Prohibited, Title 29 Code Fed. Reg.  Labor, EEOC Labor sect 1604.11 et al

    related statutes as Plaintiff alleges employment discrimination, sexual assault,  and

    sexual harassment as an employee against the employer and supervisor.

2.  Plaintiff received a U.S. E.E.O.C. Notice of Right To Sue letter on April 22, 2020, charge

520 -2020 0081, to be annexed hereto.

3.  A Jury trial is demanded as to all issues pursuant to FRCP R. 38

PARTIES

4.  Plaintiff B.I. is an infant under the age of 18 residing at 71-09 Vleigh Pl., Queens N.Y.

11367

5.  Plaintiff Arthur Ishkhakov is the natural father  and guardian of B.I. residing at 71-09

Vleigh Pl., Queens N.Y.

6.  Chazaq Organization USA Inc. is a New York State domestic corporation organized and

registered pursuant to the laws of the State of New York, doing business at 114-24

Jewel Ave, Queens, N.Y. 11367, (Chazaq) hereinafter.

7.  Stephen Saphirstein is and was an employee of Chazaq located at 114-24  Jewel Ave,

Queens N.Y., 11367, a supervisor of the Plaintiff.

FACTS ALLEGED

8.  Plaintiff B.I. an infant in 2019 was a student in the City of New York.

9.  In 2019 Plaintiff B.I. was referred to Chazaq to work as an summer youth employee by

the schools or counselors employed by the City of New York, The New York City

Department of Education a/k/a known as the New York City Board of Education, in

2019.

10. Upon information and belief  in 2019 the Defendants along with the City of New York,

the New York  City Dept . of Education, a/k/a the New York City Board of Education

failed to comply with their obligations pursuant to law to Plaintiffs, to the infant

Plaintiff as an employee of Chazaq, as alleged with specificity herein, and failed to

provide for the physical safety, well being and best interest of Plaintiff B.I. , that

Plaintiff be free of sexual harassment and assault at Chazaq.

11. Said Defendants and entities in 2019 further failed to vet, qualify, Chazaq as a proper

and safe summer employment program, employer, school, activity center, failed to

take steps to prevent the sex harassment and assault described herein, failed to

monitor, supervise qualify, Chazaq and its employees to comply with all civil and

criminal laws, including but not limited to the U.S., N.Y.S. and N.Y.C. laws that exist to

prevent and prohibit sexual assault and sex discrimination, and sex harassment upon

Chazaq employees including Plaintiff B.I. as alleged herein

12. Said Defendants and entities in 2019 further failed to supervise, watch, visit, monitor,

prevent, qualify, teach, demand reports and pay attention to Chazaq to have

educational programs and instructions, posters, seminars, so that the sexual

harassment and sexual assault upon Plaintiff B.I. would not occur and be prevented.

13. Said Defendants and entities in 2019 further failed to  observe, teach, have seminars,

lessons and posters, paper handouts, courses and materials and discussions,

programs, instruct Chazaq and it's employees including Defendant Saphirstein, in its

obligations pursuant to U.S., N.Y.S., and N.Y.C. law that seek to prevent and avoid  sex

harassment and assault, at Chazaq as employer

14. In about June and July 2019 Plaintiff B.I. applied and was then  was employed at Chazaq

as a summer youth employee.

15. On and about July 9, 2019 Defendant Sapherstein  was employed as a youth employee

    supervisor at Chazaq. where he supervised Plaintiff B.I. as an employee

16. On July 9 2019  Plaintiff B.I. during the course of his youth employment was seated in

    an auto in front of Chazaq with supervisor Def. Saphirstein.

17. At that time on July 9, 2019 Def. Saphirstein touched physically Plaintiff B.I. without

    B.I.'s consent, touching and rubbing B.I.'s shoulder and stomach.

18.  At that time and place and location Def. Saphirstein then attempted to touch Plaintiff

    B.I.'s penis over his clothes, with B.I. successfully able to push Saphirstein's hand away

    each time.

19. Plaintiff B.I. then told Saphirstein to "stop touching " him, and to stop attempting to

    touch his penis,

20. Defendant Saphirstein at said time and place asked the Plaintiff B.I. if he "could come in

    his ass".

21. These facts and incident alleged herein were reported to the N.Y.C. Police Department

    which arrested the Defendant Saphirstein.

22. Upon information and belief those criminal charges are presently pending against

    Defendant Saphirstein.

                        CAUSES OF ACTION

23. Based upon the above facts Plaintiffs assert the following causes of action:

FIRST ACTION

24.  Plaintiffs states a cause of action for unlawful sex harassment as an employee

prohibited by an employer or supervisor pursuant to 42 U.S. Code  (U.S.C hereafter )

Subv. Vi, 42 U.S.C. s. 21, 2000e 1-17 Civil Rights Act, Ch. 21 Equal Employment

Opportunity Commission; Sec. 1981 U.S.C.  Sect. 703 Title VII, Title 29 Part 38 Labor, 45

Code Fed. Reg. Labor sect 73,.735, 306 Sexual Harassment Prohibited, Title 29 Code

Fed. Reg.  Labor, EEOC Labor sect 1604.11 et al related statutes.

SECOND ACTION

25. Plaintiffs claims and appends the New York State Statute McKinneys 201g Labor Law,

N.Y.S. Executive Order 19 Workforce Investment Act 1998. , et al prohibiting employer

sexual harassment of employees, mandating steps and actions to prevent such sex

harassment.

THIRD ACTION

26.  Plaintiffs claims and appends the New York City Title 18 Administrative Code, NYC

Local Law 95, Sect. 107.1 victims (96) 2018, et al prohibiting employer sexual

harassment of employees, mandating steps and actions to prevent such sex

harassment.

FOURTH ACTION

27.  Plaintiffs claims and appends the common law New York State laws creating actions  at

law for assault, battery, negligence, prima facie tort, sexual assault, unlawful touching.

DAMAGES ALLEGED

28. Plaintiff claims statutory damages, all lawful punitive damages, costs, attorney  fees

    and disbursements and interest pursuant the U.S., N.Y. S., and N.Y.C. statutes, codes,

    regulations stated and cited above.

29. In addition to the statutory damages and remedies alleged and claimed herein, Plaintiff

    claims as common law damages pursuant to all the New York State claims stated

    above, as the result of the Defendants actions, negligence, omissions, and failures, the

    unlawful touching and sex assault, described herein. Those damages are stated supra

    and infra including all lawful punitive, exemplary damages, and compensatory damages

30. As damages in all actions asserted in this complaint , Plaintiff B.I. has suffered the

    following permanent physical and mental injuries and  damages including but not

    limited to: Physical, emotional,  psychiatric and mental distress and alarm, physical

    illness, trauma,  being upset,  loss of sleep, unhappiness, that have diminished

    Plaintiff's ability to work as a student, learn, enjoy life, socialize,  meet age milestones

    socially and academically, embarrassment, issues as to sexual identity and wellness,

    have a family and children, right to enjoy life, and has suffered adverse school

    consequences as the result of  the actions of the Defendants, diminished ability to

achieve and study in school, a lost and diminished ability to obtain degrees, to have a

professional career, be admitted to college and graduate school, so that his lifelong

earning capacity is diminished.

31. As damages in all actions herein, Plaintiffs B.I. and Ishhakov have been required to

spend monies and to seek medical treatment and all manner of therapy for Plaintiff's

permanent injuries and damages in the past, present and future as a result of the

actions of the Defendants as alleged herein.

CERTIFICATION AND CLOSING

32.  Under F.R.C.P. 11 by signing below I certify to the bets of my knowledge, information

and belief that this complaint 1. is not being presented for an improper purpose, such

as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, 2. Is

supported by existing law or by non frivolous argument for extending modifying or

reversing existing law, 3. The factual contentions have evidentiary support, or if

specifically so identified will likely have evidentiary support after a reasonable

opportunity for further investigation, or discovery, and 4. The complaint otherwise

complies with the requirements of Rule 11.

Date of Signing :  April 24, 2020      S/MARTIN DRUYAN ESQ.

MARTIN DRUYAN ESQ. ,     NYS 1172188

MARTIN DRUYAN AND ASSOCIATES ATTORNEYS

450 7TH AVE N.Y., N.Y. 10123 SUITE 3700

212-279-5577, 917-861 4836,
MD@DRUYANLAW.COM                          .