UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

B. I. AN INFANT UNDER THE AGE OF 18 YEARS, BY HIS

NATURAL FATHER,

ARTHUR ISKHAKOV, DOCKET 1:20 cv 01910 PK

PLAINTIFFS

-AGAINST- COMPLAINT

CHAZAQ ORGANIZATION USA INC JURY TRIAL DEMANDED

STEVEN SAPHIRSTEIN,

COMMONPOINT QUEENS A/K/A

QUEENS CENTRAL Y

NEW YORK CITY AGENCY OF YOUTH AND COMMUNITY

DEVELOPMENT,

THE CITY OF NEW YORK

DEFENDANTS

--------------------------------------------------------------------------X

. Plaintiff's by and through their Attorneys Martin Druyan and Associates Attorneys as and for their amended verified complaint state and allege as follows.

JURISDICTION

One. This Court has jurisdiction of this action as it alleges violations of Title VII of the United States Code, 42 U.S. Code (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e 1-17 Civil Rights

Act, Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C. Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, 306 Sexual Harassment Prohibited, Title 29 Code Fed. Reg. Labor, EEOC Labor sect 1604.11 et al related statutes as Plaintiff alleges employment discrimination, sexual assault, and sexual harassment as an employee against the employer and supervisor.

Two. Plaintiff received a U.S. E.E.O.C. Notice of Right To Sue letter on April 22, 2020, charge 520 -2020 0081, annexed hereto, then about March 8 2021 a second right to sue letter against Commonpoint a/k/a Queens Central Y and New York City Agency of Youth and Community Development, the City of New York, EEOC 520 2021 02068 .

Three. A Jury trial is demanded as to all issues pursuant to FRCP R. 38

PARTIES

Four. Plaintiff B.I. is an infant under the age of 18 residing at 71-09 Vleigh Pl., Queens N.Y. 11367

Five. Plaintiff Arthur Iskhakov is the natural father of B.I. residing at 71-09 Vleigh Pl., Queens N.Y.

Six. Chazaq Organization USA Inc. is a New York State not for profit domestic corporation organized and registered pursuant to the laws of the State of New York, doing business at 114-24 Jewel Ave, Queens, N.Y. 11367, (Chazaq) hereinafter.

Seven. Stephen Saphirstein is and was an employee of Chazaq located at 114-24 Jewel Ave, Queens N.Y., 11367, a supervisor of the Plaintiff. He resides is Queens County

Eight. Commonpoint Queens a/k/a Queens Central Y is a New York State not for profit corporation, organized and registered pursuant to the laws of the State of New York, doing business at 67-69 108th St, Forest Hills NY 11375, “Commonpoint” hereinafter.

Eight a. The New York City Agency of Youth and Community Development is a New York City government agency existing pursuant to the laws and enactments of the City of New York and or New York State.

Eight b. The City of New York is a municipal government existing pursuant to the laws and enactments of the State and City of New York.

FACTS ALLEGED AT ALL TIMES

Nine. Plaintiff B.I. an infant in 2019 was a student in the City of New York.

Ten. In 2019 Plaintiff B.I. was referred to Defendants Chazaq and or Commonpoint to work as an summer youth employee by the counselors employed by the City of New York, Agency for Youth Services, or like NYC agency of the City of New York.

Eleven Upon information and belief in 2019 the Defendants Chazaq and or Commonpoint along with the City of New York, NYC Agency of Youth and Community Development failed to comply with their obligations pursuant to law to Plaintiffs, breached their duty to the infant Plaintiff as an employee of said defendants, as alleged with specificity herein, and failed to provide for the physical safety, well being and best interest of Infant Plaintiff B.I. , that Plaintiff be free of sexual harassment and sexual assault at Chazaq and Commonpoint during said summer employment thereat.

Twelve. Defendants City of New York, NYC Agency Dept. of Youth and Community Development, each Defendant and respective entities in 2019 further failed to vet, qualify, or monitor Chazaq and Commonpoint its employees, agents, servants, volunteers, as a proper and safe youth summer employment program, employer, school, activity center with New York State legally required sex abuse and sex harassment prevention programs, education, information, brochures, supervision, insurance policies, protections, to protect minor students, including Plaintiff from sex harassment and assault and the damages and permanent injuries thereof as herein.

Thirteen. Defendants in 2019 further failed to comply with all Federal, State and New York City laws to take all steps to prevent the sex harassment and sex assault upon Infant BI Plaintiff, as described herein, further failed to monitor, supervise qualify, each other, and Commonpoint and Chazaq, its employees, agents, servants, volunteers to comply with all civil and criminal laws, including but not limited to the U.S., N.Y.S. and N.Y.C. laws that exist to prevent, educate and prohibit sexual assault and sex discrimination, and sex harassment upon Chazaq and Commonpoint employees including Plaintiff B.I. as alleged herein

Fourteen. Defendants and entities in 2019 further failed to supervise, watch, visit, monitor, prevent, qualify, and pay attention to Commonpoint and Chazaq its agents, employees, servants and volunteers, to have educational programs and instructions, posters, seminars, so that the sexual harassment and sexual assault upon Plaintiff B.I. would not occur, and to take all necessary steps to avoid and prevent said sexual assault and harassment upon Plaintiff B.I. described herein. .

15. Defendants Commonpoint, Chazaq, and related entities, entities in 2019 further failed to observe, teach, have seminars, lessons and posters, paper handouts, courses and materials,

discussions,   programs;  instruct Commonpoint and Chazaq and it's employee, agents, servants, volunteers,  including Defendant Saphirstein, in its obligations pursuant to U.S., N.Y.S., and N.Y.C. law that seek to prevent and avoid  sex harassment and assault, at Chazaq and Commonpoint  as employers.

17. In about June and July 2019 Plaintiff B.I. applied, was interviewed by Defendants, then placed for employment  and was then  was employed at Commonpoint, or Chazaq, or both as a summer youth employee.

18. On and about July 9, 2019, and at all times alleged herein,  Defendant Sapherstein  was authorized and employed as a youth employee supervisor, volunteer, agent, independent contractor, worker, intern, at Chazaq,  Commonpoint, or both,  where he supervised Plaintiff B.I. in said capacities.

19. On July 9 2019  Plaintiff B.I. during the course of his youth employment for Defendants was directed and ordered by Saphirstein to be seated in an auto in front of Chazaq with supervisor Def. Saphirstein, pursuant to the orders and directives of Def. Saphirstein, with the authority of Chazaq and Commonpoint.

20. At that time on July 9, 2019 Def. Saphirstein touched physically Plaintiff B.I. without B.I.'s consent, touching and rubbing B.I.'s shoulder and stomach.

21. At that time and place and location Def. Saphirstein then attempted to touch Plaintiff B.I.'s penis over his clothes, with B.I. successfully able to push Saphirstein's hand away each time.

22. Plaintiff B.I. then told Saphirstein to "stop touching "  him, and to stop attempting to touch his penis,

23.Defendant Saphirstein at said time and place asked the Plaintiff B.I. if he "could come in his ass".

24. These facts and incident alleged herein were reported to the N.Y.C. Police Department which arrested the Defendant Saphirstein.

25. Upon information and belief those criminal charges are presently pending against Defendant Saphirstein in 2021 without adjudication or finality.

26. That all Defendants subsequent to Saphirstein's arrest, with knowledge of Plaintiff BI's allegations and the facts herein, failed to take appropriate steps to protect Plaintiff infant BI, comply with civil and criminal laws and orders, failed to report the incident to each other, failed to counsel Plaintiff BI, or take other steps to help him, to mitigate his injuries, and to mitigate their culpability and damages owed to him, and other infants in their care custody and control at their schools, programs.

26.a At a later date in about 2019, or 2020 Defendant Saphirstein visited as an approved visitor at the Yeshiva high school where Plaintiff BI was a student.

27. This visit to violated the NYC Criminal Court order of protection granted in favor of Plaintiff BI against Defendant Saphirstein.

28. During the visit Def. Saphirstein videotaped Plaintiff BI , and glared at and intimidated Plaintiff BI.

29. Plaintiff BI was emotionally upset at Def. Saphirstein presence in the Yeshiva.

30. Plaintiff BI was eventually expelled from the Yeshiva without counseling, or therapy.

31. The expulsion of Plaintiff BI from Yeshiva was without just cause and proper educational basis.

32. That Plaintiff BI was further emotionally damaged by the Saphirstein visit, and his subsequent expulsion from his Yeshiva high school.

33. Prior to the sexual assault described above Plaintiff BI was an emotionally well adjusted student, and excellent student at Yeshiva high school without scholastic or disciplinary issues.

34. That as the result of the above facts Plaintiff BI has been emotionally damaged, and is upset, and has attended therapy and taken medicines to treat his physical and mental distress, illness and condition, and has been rendered permanently injured, sick sore lame and disabled so that each and every family, work, social and educational life function of his has been damaged and impaired.

CAUSES OF ACTION AGAINST ALL DEFENDANTS

35. Based upon the above facts Plaintiffs assert the following causes of action against all Defendants:

FIRST ACTION

36. Plaintiffs states a cause of action for unlawful sex harassment as an employee prohibited by an employer or supervisor, or other employee or agent, or contractor of Defendants Chazaq and or Commonpoint pursuant to 42 U.S. Code (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e 1-17 Civil Rights Act, Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C. Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, 306 Sexual

Harassment Prohibited, Title 29 Code Fed. Reg. Labor, EEOC Labor sect 1604.11 et al related statutes.

SECOND ACTION

37. Plaintiffs claims and appends the New York State Statute McKinneys 201g Labor Law, N.Y.S. Executive Order 19 Workforce Investment Act 1998. , et al., and related statutes, prohibiting employer sexual harassment of their employees, and mandating education and supervision of all Defendants, Chazaq and Commnpoint personnel, supervisors, employees, volunteers, agents, to avoid and prevent sex harassment and sex abuse of employees as the Infant Plaintiff herein..

THIRD ACTION

38. Plaintiffs claims and appends the New York City Title 18 Administrative Code, NYC Local Law 95, Sect. 107.1 victims (96) 2018, et al, an relates statutes, prohibiting employer sexual harassment of employees and mandating education and supervision of all Defendants and Chazaq and Common Point employees as the Infant Plaintiff herein, personnel, employees, supervisors, volunteers, agents, to avoid and prevent sex harassment and sex abuse of employees as the infant Plaintiff herein by all Defendants.

FOURTH ACTION

39. Plaintiffs claims and appends the common law New York State laws creating actions at law for assault, battery, negligence, primie facie tort, sexual assault, unlawful touching, failure to supervise employees against all Defendants.

## FIFTH ACTION

40. That as a result of his complaint of sex harassment, and assault, and complaint to the New York City Police Dept., Plaintiff infant B.I. has been retaliated against by the Defendants, their agents, friends, colleagues, associates, and other persons.

## DAMAGES ALLEGED

41. Plaintiff claims statutory damages, all lawful punitive damages, costs, attorney fees and disbursements and interest pursuant the U.S., N.Y. S., and N.Y.C. statutes, codes, regulations stated and cited above.

42. In addition to the statutory damages and remedies alleged and claimed herein, Plaintiff claims as common law damages pursuant to all the New York State claims stated above, as the result of the Defendants actions, negligence, omissions, and failures, the unlawful touching and sex assault, described herein.

43. Those common law damages are stated herein, supra and infra, including all lawful punitive, exemplary damages, and compensatory damages.

44. As damages in all actions asserted in this complaint , Plaintiff B.I. has suffered the following permanent physical and mental injuries and damages including but not limited to: Physical, emotional, psychiatric and mental distress and alarm, physical illness, trauma, being upset, loss of sleep, unhappiness, that have diminished Plaintiff's ability to work as a student, learn, enjoy life, socialize, meet age milestones socially and academically, embarrassment, issues as to sexual identity and wellness, have a family and children, right to enjoy life, and has suffered

adverse school consequences as the result of the actions of the Defendants, diminished ability to achieve and study in school, a lost and diminished ability to obtain college and advanced degrees, to have a professional career, be admitted to college and graduate school, so that his lifelong earning capacity is diminished, permanently, and continuing to date, every aspect of his life is damaged in an amount to be determined at by this Court, requested at (5) million dollars to be paid by Defendants.

45. As damages in all actions herein, Plaintiffs B.I. and Arthur Iskhakov have been required to spend monies and to seek medical treatment and all manner of therapy for Plaintiff's permanent injuries and damages in the past, present and future as a result of the actions of the Defendants as alleged herein.

CERTIFICATION AND CLOSING

46. Under F.R.C.P. 11 by signing below I certify to the bets of my knowledge, information and belief that this complaint:

47.1 This complaint is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, 2. Is supported by existing law or by non frivolous argument for extending modifying or reversing existing law, 3. The factual contentions have evidentiary support, or if specifically so identified will likely have evidentiary support after a reasonable opportunity for further investigation, or discovery, and 4. The complaint otherwise complies with the requirements of Rule 11 FRCP.

Date of Signing : May 29, 2021

S/ MARTIN DRUYAN ESQ.

MARTIN DRUYAN ESQ. , NYS 1172188

MARTIN DRUYAN AND ASSOCIATES
ATTORNEYS

Attorneys for Plaintiffs

450 7TH AVE N.Y., N.Y. 10123 SUITE 3700

212-279-5577, 917-861 4836

MD@DRUYANLAW.COM

.