UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

B. I. AN INFANT UNDER THE AGE OF 18 YEARS, BY HIS

NATURAL FATHER, PK

ARTHUR ISKHAKOV, DOCKET 1:20 cv 01910 PK

PLAINTIFFS

-AGAINST- 2nd AMENDED COMPLAINT

CHAZAQ ORGANIZATION USA INC JURY TRIAL DEMANDED

STEVEN SAPHIRSTEIN,

COMMONPOINT QUEENS A/K/A

QUEENS CENTRAL Y

NEW YORK CITY AGENCY OF YOUTH AND COMMUNITY

DEVELOPMENT,

THE CITY OF NEW YORK

DEFENDANTS

-----------------------------------------------------------------------------X

. Plaintiff's by and through their Attorneys Martin Druyan and Associates Attorneys as and for their 2rd amended verified complaint state and allege as follows BASED UPON RECENTLY DISCLOSED FACTS AND DOCUMENTS BY Def. City of New York on about Sept. 2021, and Oct. 2021.

## JURISDICTION

One. This Court has jurisdiction of this action as it alleges violations of Title VII of the United States Code, 42 U.S. Code (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e 1-17 Civil Rights Act, Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C. Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, 306 Sexual Harassment Prohibited, Title 29 Code Fed. Reg. Labor, EEOC Labor sect 1604.11 and Tile XI Freedom from Sex Harassment and Sex Abuse in learning institutions and programs, Title 8 New York City Human Rights Law, and et al related statutes as Plaintiff alleges employment discrimination, sexual assault, and sexual harassment as an employee against the employer and supervisor.

Two. Plaintiff received a U.S. E.E.O.C. Notice of Right To Sue letter on April 22, 2020, charge 520 -2020 0081, annexed hereto, then about March 8 2021 a second right to sue letter against Commonpoint a/k/a Queens Central Y and New York City Agency of Youth and Community Development, the City of New York, EEOC 520 2021 02068 .

Three. A Jury trial is demanded as to all issues pursuant to FRCP R. 38

## PARTIES

Four. Plaintiff B.I. is an infant under the age of 18 residing at Vleigh Pl., Queens N.Y. 11367

Five. Plaintiff Arthur Iskhakov is the natural father of B.I. residing at Vleigh Pl., Queens N.Y.

Six. Chazaq Organization USA Inc. is a New York State not for profit domestic corporation organized and registered pursuant to the laws of the State of New York, doing business at 114-24 Jewel Ave, Queens, N.Y. 11367, (Chazaq) hereinafter.

Seven. Stephen Saphirstein is and was an employee of Chazaq located at 114-24 Jewel Ave, Queens N.Y., 11367, a supervisor of the Plaintiff. He resides in Queens County

Eight. Commonpoint Queens a/k/a Queens Central Y/ SAMUEL FELD is a New York State not for profit corporation, organized and registered pursuant to the laws of the State of New York, doing business at 67-69 108th St, Forest Hills NY 11375, Commonpoint hereinafter.

Eight a. The New York City Agency of Youth and Community Development is a New York City government agency existing pursuant to the laws and enactments of the City of New York and or New York State.

Eight b. The City of New York is a municipal government existing pursuant to the laws and enactments of the State and City of New York.

FACTS ALLEGED AT ALL TIMES

Nine. Plaintiff B.I. an Infant in 2019 a infant teenage student in the City of New York where and when he was an employee of all Defendants herein pursuant to the facts, laws and contracts between the Defendants as specified herein.

Nine a. That the Defendants were each Plaintiff Infant BI's employer pursuant to the SYEP 1.6 million dollar contract between Def. City and Def. Commonpoint, and a second SYEP contract between Def. Commonpoint and Def. Chazaq, ( and NYC ? /unknown dollars) and the employment application documents partially detailed infra at 12 aa.

Nine b. As facts described herein, that Defendants were individual joint employers, co-employers, contractual employers, owner, master and subsidiary employers of Plaintiff Infant

Nine C. Defendants , and were also based upon the facts alleged herein,  individual and joint and several tortfeasors who each jointly and severally breached individual legal duties owed the Plaintiff Infant BI.

Ten. In 2019 Plaintiff B.I. was interviewed and employed and referred to Defendants Chazaq and or Commonpoint and Community by the New York City Agency of Youth and Community Development Summer Youth Employment Program (SYEP) to work as an summer youth employee by the counselors, agents and employees of the  Def. City of New York.

Ten. A That there was a religious component, criteria for the selection of Plaintiff Infant to work at Def. Chazaq and Def. Commonpoint, and for all parties herein participation in the Plaintiff's participation in the Def. NYC Summer Youth Employment Program.

Eleven. Pltf. Infant BI as an infant member of the SYEP after a qualifying interview by Def. City of NY, written applications, detailed herein, was paid/remunerated by the Def. City of New York for work herein by debit card in Aug. and July 2019,  and by the other Defendants in terms of work experience and learning skills for employment,  herein, pursuant to documents, contracts, time records, applications, shared and utilized by all Defendants.

Eleven A. Def. City and Defs. Commonpoint Queens and Chazaq jointly and individually determined the work site, and work details and assignment of Plaintiff Infant BI in the SYEP program.

Twelve: SYEP was a youth employment program where the Def. City contracted wth community based organizations (SYEP Providers), Def.  Chazaq and Def. Commonpoint Queens, who then provide work based experiences for youth ages 16 to 24 that connect them to

one  of the City's priority sectors , fosters civic engagement builds skills and exposes youth to promising career pathways.

Thirteen. Def. Commonpoint a SYEP provider was CONTRACTED  with by Def. NYC, and was obligated to connect Pltff BI, an infant youth SYEP Participant with an EMPLOYER (SYEP DEF. CITY CONTRACTUALLY DESIGNATED)  "WORKSITE" located in New York City.

14. The SYEP contracts provide that SYREP WORKSITES/EMPLOYERS are CONTRACTED obligated and do provide SYEP PLTFF BI with work experience that enables them to acquire skills leading to GREATER EMPOYABILITY.

15. Herein in 2019 Def. Commonpoint as a SYEP Provider identified recruited and entered into a CONTRACT with Def. Chazaq Organization  USA,INC. (CHAZAQ) to serve as a EMPLOYER/WORKSITE

16. These contracts: the form of Worksite Application , coupled with Worksite Certification and Assurances (Copies of this contract only in possession of Defs. Commonpoint and Chazaq) provide Plaintiff BI with employment status with each Def., a common law liability of each Def. third party beneficiary claims of the Infant Plaintiff.

16. a Plaintiff BI claims that any waiver of liability, related clauses denying joint employer status of the Defendants are not binding upon the Plaintiff Infant BI.

BREACH OF DUTY OF SUPERVISION  AND SAFETY OF PLAINTIFF INFANT BI OWED BY THE INDIVIDUAL DEFENDANTS

17. That Defendants acting in an educational capacity to teach Infant Plaintiff employment skills, and other work skills, owed Plaintiff Infant a duty of supervision and safety that was breached by the defendants upon the facts as alleged herein.

17. This factual breach of common law duty of safety and supervision, by permitting the sex harassment and abuse of Plaintiff Infant to  occur, during SYEP business of educational work, when Supervisor Saphirstein was not supervised, vetted, and by Defendants,  each not prohibiting Chazaq supervisor Def. Saphirstein to direct Plaintiff Infant BI to perform clerical work and box pickup in Saphirsteins personal automobile.

BREACH OF TITLE XI U.S. Code.

17.a. That upon information and belief each Defendant received in 2019 directly or indirectly Ferderal educational funds, creating jurisdiction for the  Title XI, Title IX Federal Civil Rights law to provide protection to the Infant Plaintiff herein from sex harassment and sex assault.

17.aa. A claim is made pursuant to Title XI, Title IX U.S. Code against the Defendants based upon the facts and laws stated in this complaint in permitting the sex abuse and harassment to occur, not taking steps to prevent the sex harassment and abuse of Plaintiff infant in Saphirstein's personal automobile.

BREACH OF CONTRACTS BETWEEN DEFENDANTS,
AND PLAINTIF INFANT BI A THIRD PARTY BENEFICIARY THEREOF

17.b.  That Plaintiff Infant BI alleges he was a third party beneficiary of the contracts identified above between Defendants; he was to receive as third party a benefit from the contracts made between the Defendants, that Plaintiff Infant BI had a right to sue for damages and compensation if Defs. did not fulfill their obligations under the contracts described above.

18. That the contracts between the Defs. Above   contained benefits of pay, remuneration, work experience and skills, etc., as described in said contracts, which should be read as a third party

beneficiary clause benefiting the Infant Plaintiff BI herein AS A THIRD PARTY BENEFICARY of SAID CONTRACTS.

18.a That the Defendants breached their duties of supervision, protection from sex abuse, and harassment, avoidance of sex abuse as stated herein.

19. As described herein this complaint asserts a claim as a third party against Defendants based upon the Worksite Application and other contracts between all the Defs. herein.

SEX HARASSMENT , SEX ABUSE CLAIMS

20. Defendants NYC, Chazaq and Commonpoint along with the City of New York, NYC Agency of Youth and Community Development failed to comply with their obligations pursuant to law to BI Plaintiff, breached their duty to the infant Plaintiff as an EMPOYEE of said each of said Defendants, as alleged with specificity herein, by failing to provide for the physical safety, well being and best interest of Infant Plaintiff B.I. , that Plaintiff be free of sexual harassment and sexual assault and common law assault at Chazaq and Commonpoint by their volunteers, agents and employees, during said SYEP program thereat in 2019,

21. This breach of contractual and legal obligations owed to Plaintiff Infant in the SYEP included a failure of supervision in permitting the Infant Plaintiff to be assigned work in the unauthorized work location, the private automobile of Def. Saphirstein, where the opportunity for the sex abuse that occurred herein, and in not taking steps to prevent the sex abuse, sex assault and assault and battery to occur in said private automobile.

22. That Defs. failed to write and include appropriate contractual provisions to in the contracts between the parties to prevent and prohibit  Plaintiff Infant to be assigned work off the contractual worksites, in the private automobile of Defendant Saphirstein where the sex abuse and assault of infant Plaintiff BI occurred.

22. A. That the Defendants each failed to implement the various contractual provisions between the parties that was to prevent, prohibit and avoid sex harassment and sex abuse of Plaintiff Infant BI while he was employed in the SYEP by each and all of the Defs,

CLAIMS OF SEX HARASSMENT, DISCRIMINATION
*AGAINST ALL DEFENDANTS  AS INFANT PLAINTIFF'S*
EMPLOYERS, CRITERA DESCRIBED

Twelve.  Infant Plaintiff BI alleges and Def. NYC admits in a Court filing dated Sept. 15, 2021 that Plaintiff BI was an employee of Def. NYC.

Twelve a. Infant Pltff. Alleges that he was employed also Def. Chazaq and Def. Commonpoint as each Def. was a joint and several direct single employer, and further aiding and abetting each Def. with the other Defs. all herein

DOCUMENTS: EMPLOYMENT APPLICATIONS ETC. SUPPORT PLAINTIFFS CLAIMS AS A YOUTH EMPLOYEE OF ALL DEFENDANTS

12.aa Def. Commonpoint/S. Feld Y provided discovery of documents about Oct. 16, 2021 to Plaintiff attorney: The 3 separate applications completed by the Plaintiff in handwriting, contain information and are labeled in part stating with Plaintiff's individual employment facts personal to him dated 2019 :

"NEW YORK CITY DEPT. SUMMER YOUTH EMPLOYMENT PROGRAM....

SYEP

NEW YORK CITY DEPT. YOUTH COMMUNITY DEVELOPMENT

PARTICIPANT ORIENTATION.....

WORKFORCE SURVEY INFORMATION .....

OLDER YOUTH PERSONAL INFORMATION INTERESTS, MATH, SKILLS

WORKSITE SUPERVISORS M.S., ...

ALERTERNATE SUPERVISORS LN....

CHAZAQ WORKSITE APPLICATIONS SYEP SUMMMER YOUTH EMPLOYMENT PROGRAM ....

WORKSITE ASSESSMENT REPORT 2019".......

and all other information on said documents.

Those completed employment applications will be redacted and uploaded to the docket with this complaint as evidence supporting Plaintiffs claims at a future date.

12 AAA. NOTE ALLEGED ABUSER SAPHIRSTEIN NAME DOES NOT APPEAR ON SAID DOCUMENTS AS A SUPERVISOR OR THE INFANT, YET HE WAS IMMEDIATELY ALLOWED TO SUPERVISE THE INFANT PLAINTIFF, AND DIRECT THE INFANT PLAINTIFF INTO HIS PERSOAN AUTOMOBILE WHERE THE ALLGED ABUSE OCCURRED.

12b. Infant Pltff. Alleges that all Defs. with regard to each other Defs. , pursuant to facts, and the individual SYEP and worksite contracts existing between the Defs. herein supra between each Def. with the other Defendants were acting as a parent Def. NYC with subsidiaries Defs. Chazaq and Commonpoint, as subsidiaries of each other. .

12c. That all Defs represented a single integrated enterprise of a summer youth employment program that employed Infant Pltff. in July 2019, the SYEP.

12.d That Pltiff Infant BI based upon facts and law stated herein, was an employee, and had an employee employer relations <u>with each of the Defendants</u>, a standard under the Federal Statute, and NYSHRL and or NYCHRL See <u>McHenry v Fox News, Fox Corp.</u> 1:19 cv 11294 PAE 2020 page 39, Second Circuit.

12.e The SYEP, Summer Youth Employment Program pursuant to the SYEP contracts and Worksite Contracts for this program detail the interviewing, hiring and firing of summer interns, that the reports and references of the Defendants to each other, all alone and together controlled the discipline pay, insurance if any, records, and supervision of the SYEP program;
the interrelation of management, acting in concert together, Defs referring summer Interns, and Plaintiff to each other at their respective worksites for work and labor;

PLAINTIFF ALLEGES EMPLOYMENT CRITERIA AGAINST ALL DEFENDANTS

2. Pursuant to the contracts and communication and obligations with each Defs. with the other, centralized control of labor relations: the labor being the summer interns including Plaintiff Infant working for each Def. at their locations.

2.a That Plaintiff BI was selected for work at Def Commonpoint as a result of Plaintiff BI religious affiliation, and then for work at Def. Chazaq as the result of Plaintiff Bi Jewish religious affiliation.

2.aa The Def. City admits in recent informal discovery, that fact, exercised a "total control" of the hiring decision hiring Infant Plaintiff BI, upon a review of his application, and Yeshiva High school records,

2.aaa That the Def. NYC, was the Parent in this contractual SYEP relationship between the Defs. all as co employers, subsidiaries, Defs. NYC, and Commonpoint and Chazaq

3.Common Management pursuant to the SYEP and worksite contracts, contractual detailed obligations owed to each other in the performance of the Summer Youth Employment Program,

4. Common financial control/ownership The SYEP and Worksite contracts between each of the Defendants created a common financial control and ownership contracts

5. The factual details of Infant and basis of Pltff BI employment status and claim against each Defendant herein: 12 points derived from federal common law of agency, pursuant to Second Circuit standard, result in Plaintiff BI being in fact an employee of each Def. NYC, and Def. Commonpoint, and Def. Chazaq; pursuant to the 1.6 Million dollar SYEP contracts and Worksite contracts signed to and between the Defendants

THE TWELVE CRITERIA OF EMPLOYMENT WITH EACH DEFENDANT

Plaintiff Infant alleges as the facts of his SYEP employment with all/each individually:

Each of the Defendants controlled the SYEP infant summer interns including the Plaintiff Infant BI :

See the documents created and signed by the parties herein, supra;

1. All the Defs. control of the means, and means by which SYEP summer intern program, the educational product experience work was accomplished

2. All the Defs. controlled the skill required of Infant Plaintiff Interns and Plaintiff to be in and participate in the SYEP, see the skill assessment document referred to above.

3. All the Defs. controlled the sources of the instrumentalities of clerical and related office administrative work as the tools of the summer youth employment, SYEP, herein, the contracts and documents support all 12 of these employment criteria,

4. The location of the work assigned to Infant BI, by the Defs each at their respective worksites, or other locations they control, including improperly the personal automobile of Saphirstein, where the abuse occurred, pursuant to contracts between the Defendants, after Inf. Plaint signed completed Def. SYEP worksite applications, supra.

5. The Defendants each as co-hiring parties/by contract, documents, monetary payment and compensation to each, then coordination and cooperation, to determine the exact length of the Summer Youth Employment Program, weeks, days and hours during the summer of 2019, upon information and belief, the Defs. have before 2019 and and after to date have continued their SYEP contractual relationships to the mutual political and financial benefits of all Defendants.

6. The Defs. Each pursuant to the SYEP and Worksite and other contracts between them has the right to assign additional projects to the hired party Plaintiff Infant BI, and the other summer interns working at their individual worksites,

7. The Defs each pursuant to the contracts above between them have the right to discretion in when and how the long the summer interns /Pltff BI would work, shortened hours on Friday/ Shabbos for instance, or days off for religious holidays shared by the Defendants Chazaq and Commonpoint and Plaintiff BI. ,

8. The method of paying the summer interns/Plaintiff BI by Defs : was agreed upon and implemented as a debit card payment by Def. NYC, pursuant to the SYEP and worksite contracts by to and between the Defs, determined by time records Defendants implemented and maintained, under their joint supervision

9. The Defs. role in hiring and paying assistants, additional interns, all the terms of SYEP summer youths intern employment/Plaintiff BI Infant would be determined by the above Defs. contracts and agreements as to what if what if any assistants interns would have.

10. The work of summer interns, the SYEP, was the regular business of each of the Defs., in their respective government, and youth services to NYC residents and communities each Defs, serves in Queens where all the parties herein reside, including the participating SYEP summer youth interns as Plaintiff BI Infant.

11. The SYEP contracts, documents, applications, between the Defs. discussed herein, and supra, determined the provisions of employee benefits of summer interns / Plaintiff Inf. BI, at their respective work sites.

12. The tax treatment of the hired parties/summer interns : the Plaintiff Infant BI was determined by the contracts by to and between the Defs., and their contracts, practices and agreements, applications, documents, that summer interns and Plaintiff Inf. BI was to be taxed regular income on the NYC debit card payments provided to him by Def. NYC., the income and financial payments from Def. NYC/ taxpayers as a municipal entity, to each Def. Chazaq and Commonpoint received money compensation ( 1.6 million, etc.) pursuant to contracts between the parties as taxed to each said Def. non profit, was also agreed to by contract between each and all the Defendants.

12b. Plaintiff Infant alleges that all Defendants herein: based upon the above criteria and factors were each jointly, severally, individually, owner, subsidiary, all the employers of Plaintiff Infant at the time of the sex harassment and abuse, *in the Defendants SYEP.*

Twelve B. that Defendants City of New York, NYC Agency Dept. of Youth and Community Development, each Defendant and respective entities in 2019 further failed to vet, qualify, or monitor Chazaq and Commonpoint its employees, agents, servants, volunteers, as a proper and safe youth summer employment program, employer, school, activity center with New York State legally required sex abuse and sex harassment prevention programs, education, information, brochures, supervision, insurance policies, protections, to protect infant minor students, including Plaintiff BI from sex harassment and assault and the damages and permanent injuries alleged herein.

Thirteen. Defendants in 2019 further failed to actually comply with all Federal, State and New York City laws to take all steps to prevent the sex harassment and sex assault upon Infant BI Plaintiff, beyond mere contract statements as agreed between the Defendants, and as described herein, further failed to in fact have supervisors, managers, principals, monitor, supervise

qualify, each other, and Commonpoint and Chazaq, its employees, agents, servants, volunteers to comply with all civil and criminal laws, including but not limited to the U.S., N.Y.S. and N.Y.C. laws that exist to prevent, educate and prohibit sexual assault and sex discrimination, and sex harassment upon Chazaq and Commonpoint employees including Infant Plaintiff B.I. as alleged herein.

Thirteen a That the Defendants, their supervisors, managers, agents, employees, failed to take steps in fact to prevent Saphirstein a Chazaq employee or volunteer, from directing the Plaintiff Infant into Saphirstein's personal automobile to work, off and away from the contracted authorized employer worksite collecting boxes, during which the sex abuse and sex harassment occurred, without required, proper supervision of "worksite supervisors M.S. and alternate supervisors L.N. ,"....... see recently Oct. 2021 SYEP/S FELD Y Youth employment applications documents referred to paraphrased above.

Fourteen. Defendants and entities in 2019 further failed to supervise, watch, visit, monitor, prevent, qualify, and pay attention to Commonpoint and Chazaq its agents, employees, servants and volunteers, to have educational programs and instructions, posters, seminars, so that the sexual harassment and sexual assault upon Plaintiff B.I. would not occur, and to take all necessary steps to avoid and prevent said sexual assault and harassment upon Plaintiff B.I. described herein, <u>including having Saphirstein direct and supervise Infant Pltff. BI to work in Saphirstein's private automobile offsite from Defendant's respective offices, activity;</u>

<u>not mentioned or authorized in contracts, documents, protocols, rules, applications used and completed by Plaintiff Infant, signed by Plaintiff's father, on the letterhead of Defendants, see supra.</u>

15.  Defendants Commonpoint, Chazaq,  and related entities, entities in 2019 further failed to observe, teach, have seminars, lessons and posters, paper handouts, courses and materials, discussions,   programs;  instruct Commonpoint and Chazaq and it's employee, agents, servants, volunteers,  including Defendant Saphirstein, in its obligations pursuant to U.S., N.Y.S., and N.Y.C. law that seek to prevent and avoid  sex harassment and assault, at Chazaq and Commonpoint  as employers.

17. In about June and July 2019 Plaintiff B.I. applied, was interviewed by Defendants, his high school Yeshiva records evaluated with an employment application, then placed for employment and was then  was employed by Def. NYC, at worksite of Defs. Commonpoint, or Chazaq, or both as a summer youth employee, see documents referred to supra, and others to be discovered.

17.a That Plaintiff Infant BI was not a random, wandering trespasser or volunteer at any time or at Defendant's locations place upon the facts and claims asserted herein, nor was he wandering on a lark or frolic, voluntarily away or leaving the assigned worksites of Defendants;  at all times alleged herein he was under the direction, supervision of the adult Defendants, their supervisors, agents and employees herein.

18. On and about July 9, 2019, and at all times alleged herein,  Defendant Sapherstein  was authorized and employed as a youth employee supervisor, volunteer, agent, independent contractor, worker, intern,  at Chazaq,  Commonpoint, or both,  where he supervised Plaintiff B.I. in said capacities.

19. On July 9 2019  Plaintiff B.I. during the course of his youth employment for Defendants was directed and ordered by Saphirstein to be seated in Sahpirstein's automobile in front of Chazaq

with supervisor Def. Saphirstein, pursuant to the orders and directives of Def. Saphirstein, with the authority of Chazaq and Commonpoint as work in the course of employment in the SYEP..

20. At that time on July 9, 2019 Def. Saphirstein touched physically Plaintiff B.I. without B.I.'s consent, touching and rubbing B.I.'s shoulder and stomach.

21. At that time and place and location Def. Saphirstein then attempted to touch Plaintiff B.I.'s penis over his clothes, with B.I. successfully able to push Saphirstein's hand away each time.

22. Plaintiff B.I. then told Saphirstein to "stop touching "  him, and to stop attempting to touch his penis,

23.Defendant Saphirstein at said time and place asked the Plaintiff B.I. if he "could come in his ass".

24. These facts and incident alleged herein were reported to the N.Y.C. Police Department which arrested the Defendant Saphirstein.

25. Upon information and belief those criminal charges are presently pending against Defendant Saphirstein in 2021 without adjudication or finality.

26. At a later date in about 2019, or 2020 Defendant Saphirstein visited as an approved visitor at the Yeshiva high school where Plaintiff BI was a student.

27. This visit to violated the NYC Criminal Court order of protection granted in favor of Plaintiff BI against Defendant Saphirstein.

28. During the visit Def. Saphirstein videotaped Plaintiff BI , and glared at and intimidated Plaintiff BI.

29. Plaintiff BI was emotionally upset at Def. Saphistein presence in the Yeshiva.

30. Plaintiff BI was eventually expelled from the Yeshiva without counseling, or therapy, impairing his religion practices , and element of the SYEP,

31. The expulsion of Plaintiff BI from Yeshiva was without just cause and proper educational basis.

32. That Plaintiff BI was further emotionally damaged by the Saphirstein visit, Saphirstein's staring at Plaintiff Infant, pointing a video camera at and filming the Infant Plaintiff, and Plaintiff Infant's subsequent expulsion from his Yeshiva high school.

33. Prior to the sexual assault described above Plaintiff BI was an emotionally well adjusted student, and excellent student at Yeshiva high school without scholastic or disciplinary issues.

34. That as the result of the above facts Plaintiff BI has been emotionally damaged, and is upset, and has attended therapy and taken medicines to treat his physical and mental distress, illness and condition, and has been rendered permanently injured, sick sore lame and disabled so that each and every family, work, social and educational life function of his has been damaged and impaired.

CAUSES OF ACTION AGAINST ALL DEFENDANTS

35. Based upon the above facts Plaintiffs assert the following causes of action against all Defendants:

FIRST ACTION

36. Plaintiffs states a cause of action for unlawful sex harassment as an employee prohibited by an employer or supervisor, or other employee or agent, or contractor of Defendants Chazaq and or Commonpoint pursuant to 42 U.S. Code (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e

1-17 Civil Rights Act, Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C. Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, 306 Sexual Harassment Prohibited, Title 29 Code Fed. Reg. Labor, EEOC Labor sect 1604.11 et al related statutes.

SECOND ACTION

37. Plaintiffs claims and appends the New York State Statute McKinneys 201g Labor Law, N.Y.S. Executive Order 19 Workforce Investment Act 1998. , et al., and related statutes, supra, prohibiting employer sexual harassment of their employees, and mandating education and supervision of all Defendants, Chazaq and Commnpoint personnel, supervisors, employees, volunteers, agents, to avoid and prevent sex harassment and sex abuse of employees as the Infant Plaintiff herein at the SYEP program..

THIRD ACTION

38. Plaintiffs claims and appends the New York City Title 18 Administrative Code, NYC Local Law 95, Sect. 107.1 victims (96) 2018, et al, NYCHRL 8-107, and related statutes, prohibiting employer sexual harassment of employees and mandating education and supervision, and implementation of these rights owed the Infant Plaintiff herein, by all Defendants, NYC, and Chazaq and Common Point

38. Each Defendant, their employees personnel, supervisors, volunteers, agents, were obligated to avoid and prevent sex harassment and sex abuse of employees as the Infant Plaintiff herein by during and at the SYEP program. .

FOURTH ACTION

39. Plaintiffs claims and appends the common law New York State common law actions for assault, battery, negligence, primie facie tort, sexual assault, unlawful touching, failure to supervise employees against all Defendants.

FIFTH ACTION RETALIATION

40. That as a result of his complaint of sex harassment, and assault, and complaint to the New York City Police Dept., Plaintiff infant B.I. has been retaliated against by the Defendants, their co religious and secular agents, friends, colleagues, associates, and other persons.

40. a The retaliation occurred with Def. Chazaq employee Def. Saphirstein appearing in person in about fall season 2019, after the original complaints of harassment and sex abuse in July 2019, to further harass and intimidate Plaintiff Infant at his religious high Yeshiva, by staring at and filming Plaintiff Infant with a video camera.

40.b. Retaliation by Defendants acting in concert, alone and together, jointly and severally, with the Yeshiva high school contacts that led to the original SYEP interview and qualification of Infant Plaintiff with the Def. NYC

40. c. This retaliation continued with Plaintiff being expelled from his high school Yeshiva, without counseling or psychological assistance or help in any manner at the time of said expulsion.

RETALIATION DAMAGES

40. d. This retaliation constitutes psychological emotion damage, prejudice and diminishment of Plaintiff Infants education and career and professional opportunities.

THIRD PARTY BENEFICIARY DAMAGES

41. That the SYEP and worksite signed contracts, applications, between the Defendants intended a benefit of remuneration, education and work experience etc., to the Infant Plaintiff, a third party beneficiary of said contracts. .

42. That the Defendants each breached their SYEP contractual obligations and benefits owed to the Infant Plaintiff pursuant to the terms and conditions of said contract, that he receive remuneration, education, freedom from sex harassment and assault, a positive learning experience, so that as a third party beneficiary of said contracts asserts a cause of action for damages as stated herein against each Defendant herein, jointly, and severally.

JOINT AND SEVERAL LIABILITY

40. That Defendants have each stated they did not employ the Plaintiff Infant, did not owe him any duty, are not liable to him in any manner, so that discovery and trial is necessary to ascertain the relative culpability of each Defendant, the factual and SYEP contractual, statutory, and common law liabilities of the 3 Defendants to the Plaintiff Infant herein.

DAMAGES ALLEGED

41. Plaintiff claims statutory damages, all lawful punitive damages, costs, attorney fees and disbursements and interest pursuant the U.S., N.Y. S., and N.Y.C. statutes, codes, regulations stated and cited supra,

42. In addition to the statutory damages and remedies alleged and claimed herein, Plaintiff claims as common law damages pursuant to all the New York State claims stated above, as the result of the Defendants actions, negligence, omissions, and failures, the unlawful touching and sex assault, described herein.

43. Those common law damages are stated herein, supra and infra, including all lawful punitive, exemplary damages, and compensatory damages.

44. As damages in all actions asserted in this complaint , Plaintiff B.I. has suffered the following permanent physical and mental injuries and damages including but not limited to: Physical, emotional, psychiatric and mental distress and alarm, physical illness, trauma, being upset, loss of sleep, unhappiness, that have diminished Plaintiff's ability to work as a student, learn, enjoy life, socialize, practice his religion, meet age milestones socially and academically, embarrassment, issues as to sexual identity and wellness, have a family and children, right to enjoy life, and has suffered adverse school consequences as the result of the actions of the Defendants, diminished ability to achieve and study in school, a lost and diminished ability to obtain college and advanced degrees, to have a professional career, be admitted to college and graduate school, so that his lifelong earning capacity is diminished, permanently, and continuing

to date, every aspect of his life is damaged in an amount to be determined at by this Court, requested at (5) million dollars to be paid by Defendants.

45. As damages in all actions herein, Plaintiffs B.I. and Arthur Iskhakov have been required to spend monies and to seek medical treatment and all manner of therapy for Plaintiff's permanent injuries and damages in the past, present and future as a result of the actions of the Defendants as alleged herein.

## CERTIFICATION AND CLOSING

46. Under F.R.C.P. 11 by signing below I certify to the bets of my knowledge, information and belief that this complaint:

47.1 This complaint is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, 2. Is supported by existing law or by non frivolous argument for extending modifying or reversing existing law, 3. The factual contentions have evidentiary support, or if specifically so identified will likely have evidentiary support after a reasonable opportunity for further investigation, or discovery, and 4. The complaint otherwise complies with the requirements of Rule 11 FRCP.

Date of Signing : OCT. 22, 2021

S/ MARTIN DRUYAN ESQ.

MARTIN DRUYAN ESQ. , NYS 1172188

MARTIN DRUYAN AND ASSOCIATES ATTORNEYS

Attorneys for Plaintiffs

450 7TH AVE N.Y., N.Y. 10123 SUITE 3700

212-279-5577, 917-861 4836

MD@DRUYANLAW.COM